```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

```
SHARON FIVEASH,                 )
                                )
     Plaintiff,                 )
                                ) Civil Action No. 5:08-CV-28-JMH
v.                              )
                                )       MEMORANDUM OPINION
COMMERCE LEXINGTON, INC.,       )           AND ORDER
et al.,                         )
                                )
     Defendants.                )
```

                    **       **       **       **       **

This matter is before the Court on Plaintiff's Motion for Attorneys' Fees and Costs [Record No. 22]. Defendants Commerce Lexington, Inc. ("Commerce"), and Robert Quick ("Quick") (collectively, "Defendants") responded [Record No. 24] and Plaintiff replied [Record No. 25]. Plaintiff brought this action under the Employee Retirement Income Security Act of 1974("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 U.S.C. §§ 1161-1168. For the reasons stated herein, Plaintiff's Motion for Attorneys' Fees will be granted in part and denied in part.

**I.  BACKGROUND**

On November 28, 2007, Defendant Quick, President and CEO of Commerce, terminated Plaintiff Sharon Fiveash's ("Fiveash") employment as Executive Vice President. Prior to her termination, Fiveash was a participant in Commerce's employer-provided group health and dental benefit plans. Commerce held dental and health

insurance policies with Delta Dental and Humana, respectively. Commerce purchased its Humana health insurance policy in May 2007. Under the policy, Commerce bore responsibility for collecting premiums and providing employees with information regarding their rights to continue coverage.

Fiveash filed suit on January 18, 2008, seeking statutory penalties, attorneys' fees, and costs related to Defendants' alleged failure to provide proper and timely notice of her COBRA continuation rights. Fiveash also claimed that Defendants breached their fiduciary duties under ERISA and retaliated against her in violation of ERISA when they failed to notify Fiveash of her continuation coverage rights under COBRA. Delta Dental was dismissed as a party on September 4, 2008 [Record No. 11]. Fiveash did not seek summary judgment against Humana, but claimed Humana was a necessary party had the case proceeded to trial. Humana nevertheless responded to Fiveash's motion for summary judgment.

In a Memorandum Opinion and Order, the Court granted in part and denied in part Fiveash's motion for summary judgment [Record No. 21]. The Court concluded that Fiveash:

> received adequate notice of her continuation rights under COBRA and, thus, she is not entitled to judgment as a matter of law on her claims of lack of adequate COBRA notice, breach of fiduciary duties under ERISA, and retaliation in violation of ERISA. As there is no genuine issue of material fact, [Fiveash] is entitled to judgment as a matter of law on her claim that Commerce's notice to her was untimely.

[Mem. Op. & Order, Record No. 21, at 13-14.]

-2-

Fiveash now moves this Court for an award of reasonable attorneys' fees and costs under 29 U.S.C. § 1132(g) in pursuing the statutory penalties awarded for Commerce's untimely notice. Fiveash prevailed on her statutory penalties claim. She agreed to dismiss her other claims [Record No. 23]. Defendants' Response to this motion for attorneys' fees focused on whether fees should be awarded. Fiveash focused on how much should be awarded. The Court addresses both issues below.

**II. ATTORNEYS' FEES**

ERISA grants a district court discretion to award reasonable attorneys' fees and costs to either party. 29 U.S.C. § 1132(g); *Gaeth v. Hartford Life Ins. Co.*, 538 F.3d 524, 529 (6th Cir. 2008). The factors a district court must consider before exercising its discretion are: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions. *Id.* "No single factor is determinative . . . ." *Id.*

**A. Degree of the Opposing Party's Culpability or Bad Faith**

Defendants argue that this factor weighs in their favor

because there is no evidence they acted in bad faith. In support of this argument, Defendants point to this Court's decision to deny summary judgment in favor of Fiveash on her breach of fiduciary duty and retaliation claims. The Court disagrees with Defendants' assessment that the denial of summary judgment on these claims necessarily indicates a lack of bad faith. The denial indicates only that, at that stage in the litigation, the movant was not entitled to judgment as a matter of law. The Court, however, need not decide whether the Defendants acted in bad faith because culpability may also satisfy the first factor.

In this case, the grant of summary judgment was limited to an award of the statutory penalty authorized under COBRA. In concluding the penalty was appropriate, the Court noted actions by the Defendants that meet the culpability requirement here. For example, Defendants undoubtedly provided untimely notice to Fiveash of her continuation rights. Moreover, Fiveash had to file suit against Defendants to prompt them to notify her of her COBRA rights. The notice to Fiveash came roughly two weeks after she filed suit against Defendants and two months after she was terminated. Also, Defendants sought to minimize their exposure by paying for health insurance premiums after the suit was filed, but they neglected to inform Fiveash that she was covered until months into the litigation. This factor weighs in favor of awarding attorneys' fees.

-4-

**B.   Ability to Satisfy an Award**

Defendants do not dispute that they have the ability to pay Fiveash's attorneys' fees.  Thus, this factor weighs in favor of Fiveash.

**C.   Deterrent Effect**

Defendants argue that awarding fees is inappropriate because they made an honest mistake.  Defendants point out that "fee awards are likely to have the greatest deterrent effect where deliberate misconduct is in the offing."  See *Foltice v. Guardsman Prod., Inc.*, 98 F.3d 933, 937 (6th Cir. 1996).  This does not, however, preclude finding a deterrent effect where the conduct is not deliberate.  An award of attorneys' fees encourages employers and plan administrators to alter their behavior.  *Gatlin v. Nat. Healthcare Corp.*, 16 Fed. App'x 283, 290 (6th Cir. 2001) (unpublished).  Deterrence value may be found where the facts of a case are not so unique that other employers and plan administrators might face the same circumstances.  *Gaeth*, 538 F.3d at 531.

Here, an award of attorneys' fees to Fiveash may deter other employers and plan administrators from providing late notice of continuation coverage rights under COBRA.  The facts of Fiveash's case are not unique; in every COBRA notification, employers must adhere to the deadlines imposed by statute.  An award of attorneys' fees to Fiveash reinforces the importance of adhering to the notice deadlines and deters other employers from similar conduct.  This

-5-

factor weighs in favor of awarding attorneys' fees.

**D. Conferring a Common Benefit on All ERISA Plan Beneficiaries**

Defendants argue there is no evidence that Fiveash's motive in bringing this suit was to confer a common benefit on her fellow plan beneficiaries. The Court agrees that there is no evidence that Fiveash filed suit to confer a common benefit. The Court also notes that this case did not resolve significant legal questions regarding ERISA. The case largely involved straightforward application of the notice and election provisions found in COBRA. An ample body of case law exists to aid in the analysis. The more complex claims were later dismissed by Fiveash and did not address significant legal issues. This factor weighs in favor of Defendants.

**E. Relative Merits of the Parties' Positions**

Defendants argue that, although Fiveash prevailed on her claim for statutory penalties, the denial of summary judgment on her remaining claims demonstrates the lack of merit for Fiveash's position. Both parties' positions have merit, as evidenced by this Court's partial grant of summary judgment in Fiveash's favor. Fiveash proved she was entitled to statutory penalties despite Defendants' contention throughout this litigation that the COBRA notice was timely. Defendants, however, succeeded in defeating Fiveash's motion for summary judgment on her other claims because she failed to properly elect to continue coverage. The parties

made viable arguments in support of their positions. Viewing the case as a whole, this factor does not weigh in favor of one party over the other. This Court, however, made clear that Fiveash may be awarded attorneys' fees for prevailing on her claim for statutory penalties. On this particular claim, Fiveash's position has more merit relative to Defendants'. This factor weighs in Fiveash's favor.

In conclusion, all of the factors, except the fourth, weigh in favor of awarding attorneys' fees to Fiveash for prevailing on her statutory penalties claim.

**III. AMOUNT OF ATTORNEYS' FEE AWARD**

The Court must determine what amount of fees is reasonable. Plaintiff has submitted an itemized petition, detailing the number of hours worked, the rate charged, and the portion of the total fee allocable to Fiveash's statutory penalty claim. Additionally, Plaintiff described each billable entry and submitted an affidavit from an attorney in the area stating that the fee charged was reasonable.

In ERISA cases, "there is no requirement that the amount of an award of attorneys' fees be proportional to the amount of the underlying award of damages. The award of attorneys' fees, however, must be reasonable as determined under the 'lodestar' approach." *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995). "There

is a 'strong presumption' that this lodestar figure represents a reasonable fee." *Id.* at 1401 (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)). After calculating the lodestar amount, the district court may adjust the fee upward or downward after considering a list of factors enumerated by the Supreme Court. *Id.* at 1402. The factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983). Novelty and complexity are reflected in the number of billable hours. *Perotti v. Seiter*, 935 F.2d 761, 765 (6th Cir. 1991) (quoting *Blum v. Stenson*, 465 U.S. 886, 899 (1984)). Quality of the representation is reflected in the reasonable hourly rate. *Id.*

**A. Lodestar Amount and Adjustments**

In this case, Plaintiff's lodestar amount is $24,526.25, based on 105.5 billed hours performed by four attorneys. Plaintiff supports the request for fees with an affidavit from a Lexington employment law attorney stating that the hourly rates billed reflect the reasonable and prevailing rate for employment law attorneys in Lexington, Kentucky. Defendants do not dispute the

-8-

reasonableness of the hourly rate, which averaged $241.25 per hour. Fiveash discounted the lodestar figure to $17,660.25 in order to account for that portion of the lodestar allocable to pursuing the statutory penalty awarded by this Court, i.e., the "allocable fee." Defendants objected to almost every billable hour.

After reviewing the motion at bar, as well as the pleadings and motions previously filed, the Court concludes that the requested fee award is mostly reasonable. The Court agrees with Defendants that some entries are unreasonable fees and declines to award Fiveash those amounts. Fiveash's petition lists entries by date, attorney, description, hourly rate, and hours billed. For a few entries, the allocable fee equals the total amount billed. For many of the remaining entries, the allocable fee equals roughly sixty-five percent of the total amount billed. The difficulty the Court faces in deciding whether these billed fees are reasonable centers on *Hensley* factor (8), the amount involved and the results obtained. Essentially, the question is whether the percent of the amounts billed is reasonably attributed to Fiveash's success on her claim for statutory penalties.

Fiveash's Complaint listed three substantive claims to recover ERISA plan benefits and damages for breach of fiduciary duty and retaliation under ERISA. Fiveash won summary judgment in part on her claim to recover plan benefits because Defendants failed to provide timely notice. The remainder of that claim dealt with

Fiveash's allegation that she never received adequate notice and thus could not properly elect to continue coverage.  After deciding that Fiveash had received adequate notice and failed to properly elect continuation coverage, the Court ordered Fiveash to show cause as to why the remaining claims against Defendants should not be dismissed.  Fiveash subsequently agreed that those claims should be dismissed.  Therefore, at most, Fiveash prevailed on one claim out of three.  It would be incongruous to award Fiveash attorneys' fees for claims upon which she did not prevail on summary judgment and claims that she later agreed to dismiss.

**B.  Undisputed Fees, Complaint Fees, and Fees Related to this Motion**

The Court notes that Defendants failed to object to seven entries totaling $1,051.49 and the Court will presume those entries are reasonable.[1]  In addition to the undisputed entries, the Court will award attorneys' fees for entries undoubtedly related to prevailing on the statutory penalty claim.  Included are six entries totaling $3,030.  Four of the entries are related to the preparation and filing of the civil complaint in federal court.[2]  The remainder are related to pursuing attorneys' fees and costs.[3]  The allocable fee for these entries equaled the total amount

---

[1] The entries are $56.25 on January 16, 2008, $112.50 on January 18, 2008, $80 on January 31, 2008, $260 on February 28, 2008, $433.06 on March 20, 2008, $73.12 on April 4, 2008, and $36.56 on September 29, 2008.

[2] The entries are $787.50, $562.50, $480, and $320, on January 17, 2008.

[3] The entries are $80 on February 20, 2009, and $800 on February 21, 2009.

billed. The Court finds the fee was reasonable because the complaint in this case was filed before Defendants attempted to notify Fiveash of her COBRA rights. Also, filing suit was a necessary step to prevailing on the claim for statutory penalties. The fees associated with the motion at bar are reasonable because they were clearly incurred to secure an award of attorneys' fees for prevailing on the statutory penalties claim.

**C. Humana Summary Judgment Fees**

The Court finds fees related to replying to Humana's summary judgment response are unreasonable and unrelated to the Court's award of statutory penalties. Fiveash was billed a total of $752.38 from December 10 to 17, 2008. The descriptions for each entry reflect work performed in order to reply to Humana's response to the summary judgment motion. Fiveash, however, stated repeatedly that summary judgment was not sought against Humana. Fiveash justifies the entries by stating that it was reasonable "to prepare a short reply memorandum to address the issues raised by Humana[.]" [Pl.'s Reply at 8.] Much of Fiveash's reply to Humana's summary judgment response rehashed arguments put forth in her original motion and reply to Defendants' response. Humana's response aided the Court's decision to grant partial summary judgment in Fiveash's favor, but her reply was unnecessary to this particular claim and merely repeated her original arguments. Given that Fiveash did not seek statutory penalties from Humana, the

attorneys' fees sought for replying to Humana are unreasonable because they are unrelated to her success on the claim for statutory penalties.

**D. Humana Discovery and Remaining Fees**

Defendants contend that fees related to discovery against Humana should similarly be disallowed. Nevertheless, the Court finds it reasonable for Fiveash to include a portion of the fees related to seeking discovery from Humana. As Fiveash notes in her reply, it was unclear at the outset of the litigation who bore ultimate responsibility for notifying Fiveash of her COBRA continuation rights, when notice was due, and in what form. Also, Humana may have possessed discoverable evidence to assist Fiveash in her claim and seeking discovery was a necessary step to proving her case.

The Court now faces the difficult task of determining whether the amount of fees related to Humana discovery, as well as the remaining fees sought in the motion, were reasonable in light of the *Hensley* factors. In essence, Fiveash argues that sixty-five percent of the total fee is allocable to her claim for statutory penalties. In other words, Fiveash states the statutory penalties claim equals sixty-five percent of her case against Defendants. The Court disagrees, but notes the difficulty in finding a more precise and reasonable fee award. Fiveash argues that the common set of facts from which this case arose supports her assessment of

the allocable fee, but does not correlate sixty-five percent to her case or claims. Defendants argue that many of the fees sought are described vaguely, such that it is impossible to determine how much of any fee is attributable to the statutory penalty claim and not other claims. Defendants also argue that the fees sought are unreasonable because the penalties awarded amounted only to $2,000. The Court finds Defendants' former argument more persuasive than the latter. *See Grandview Raceway*, 46 F.3d at 1401 (no requirement that fees be proportional to damages).

The Court will reduce the allocable fees to one-third of the lodestar amount for the Humana discovery fees and any fees not previously discussed. Fiveash's statutory penalty claim was part of her claim to recover plan benefits from Defendants. In her Reply, Fiveash argues that her statutory penalty claim was tied to the "timing and validity of the notices." The majority of Fiveash's argument for summary judgment was related to disputing the adequacy, or validity, of the COBRA notice, an effort to avoid the fact that she did not elect to continue coverage until the election period had expired. Fiveash, however, did not prevail on her claim that the notice was inadequate, which would have allowed her to recover plan benefits, or on the breach of fiduciary duty and retaliation claims predicated on the notice being inadequate. Instead, she prevailed on the timing issue alone and agreed to dismiss the remaining claims. Using Fiveash's own estimation, the

-13-

timing issue amounts to one-half of the sixty-five percent value she placed on "timing and validity" of the notice. Using another measure, the statutory penalty claim accounted for less than one-third of her substantive claims against Defendants. Both measures point to roughly one-third of the fee for each entry being allocable to the statutory penalties. Rather than cataloging and categorizing every sentence and phone call in this case to justify a fee, the Court finds the reasonable allocable fee for the remaining entries equals one-third of the respective lodestar amounts and will award that amount to Fiveash for prevailing on her statutory penalties claim. One-third of the total amount billed for the remaining entries equals $6,285.

In sum, the Court will award Fiveash a total of $10,366.49 in attorneys' fees for prevailing on her statutory penalties claim against Defendants.

**IV. STATUTORY PENALTY**

In its previous order, the Court awarded statutory penalties in an amount of $100 per day for each day that Defendants' COBRA notice was untimely. The total amount was $2,000. In reviewing the record in this case and the relevant law, the Court notes that the maximum statutory penalty amount was increased to $110 per day in 1990. 29 C.F.R. § 2575.502c-1. The Court intended to award the maximum statutory penalty in its previous order. Thus, Fiveash is awarded an additional $200 in statutory penalties pursuant to 29

U.S.C. § 1132(c) and 29 C.F.R. § 2575.502c-1.

**V. COSTS**

The parties do not dispute the reasonableness of the costs claimed in this action.  Fiveash claims $350 as costs and the Court will award that amount to her.

**VI. CONCLUSION**

For the reasons stated above, Plaintiff is awarded attorneys' fees for prevailing on her statutory penalties claim.  Plaintiff's proposed fee was adjusted downward based on the results her attorneys obtained on each claim.  Plaintiff is also awarded costs, which were undisputed, and additional statutory penalties.

Accordingly, **IT IS ORDERED**:

(1) that Plaintiff's motion for reasonable attorneys' fees and costs under 29 U.S.C. § 1132(g) [Record No. 22] be, and the same hereby is, **GRANTED IN PART** and **DENIED IN PART**,

(2) that Plaintiff shall be awarded attorneys' fees in the amount of $10,366.49,

(3) that Plaintiff shall be awarded costs in the amount of $350, and

(4) that Plaintiff shall be awarded additional statutory penalties in the amount of $200, pursuant to 29 C.F.R. § 2575.502c-1.

This the 15th day of April, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

-16-